UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL WALCK,<br><br>Plaintiff,<br><br>v.<br><br>TYRELL DAVIS; JENNIFER TYVAND; NICHOLAS BAIRD; BREE DERRICK; HEATHER GENTRY; SHIRLEY CROZIER; MIROSLAVA ZAVALA; JAZMIN GARIBAY; JARROD ANDERSON; TITUS MCGILL; and DUSTIN LAROCHELLE,<br><br>Defendants. | Case No. 1:26-cv-00088-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Mitchell Walck's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1. Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. In May 2024, Plaintiff was housed in the prison infirmary as a long-term care resident. Another inmate in the infirmary, Inmate Roos, had a broken 20-year old television. Plaintiff offered to take the television to Inmate Diggs, "a master electrician," to see if Diggs could repair it. *Compl*., Dkt. 3, at 2, 6.

After Roos agreed, Plaintiff took the television out of Roos's area and into Diggs's area. A correctional officer saw Plaintiff transporting the television and did not believe Plaintiff when he said he had Roos's consent. *Id*. at 7. Plaintiff received a disciplinary write-up for theft of property worth over $25. *Id*. at 2.

After a disciplinary hearing, Plaintiff was found guilty. He was punished with "loss of privileges," in the form of commissary restriction, for an unidentified amount of time. *Id*. at 7.

Plaintiff claims that being charged with and found guilty of the disciplinary offense violated his right to due process. *Id*. at 4. Plaintiff may also be attempting to assert a retaliation claim.

**3. Discussion**

The Complaint does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional

deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### *A. The Complaint Does Not State a Plausible Due Process Claim*

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *Wolff v. McDonnell*, 418 U.S. 539, 558–66 (1974). A person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989).

To succeed on a procedural due process claim regarding prison disciplinary proceedings, a plaintiff must establish that (1) he possessed a liberty interest in avoiding the discipline he received, and (2) the defendants deprived him of that interest as a result of insufficient process. Because prisoners' liberty is necessarily circumscribed as a result of conviction and incarceration, prisoners have a liberty interest in freedom from restraint only if a change occurs in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

For example, in *Sandin*, the Supreme Court held that an inmate did not have a protected liberty interest in avoiding 30 days of confinement in disciplinary segregation and, therefore, had no due process claim. *Id*. at 487. In coming to this conclusion, the Court considered various factors: (1) whether disciplinary segregation was essentially the same as discretionary forms of segregation, such as administrative segregation and protective custody; (2) whether a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered a "major disruption in his environment"; and (3) whether the length of the plaintiff's sentence was affected. *Id*. at 486–87.

If a prisoner possesses a protectable liberty interest with respect to prison disciplinary proceedings, then a court must consider to what process the prisoner was due. This determination must be made on a case-by-case basis. *Wolff*, 418 U.S. at 560 ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.") (internal quotation marks and alteration omitted). The Due Process Clause requires that the inmate receive notice of the charges against him and an opportunity to respond. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).

Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of (1) the charges, (2) the evidence against him, and (3) the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563–66. An inmate has a right "to call witnesses and

present documentary evidence in his defense," but only if "permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.

Here, Plaintiff states that he was disciplined with commissary restriction. Plaintiff does not disclose how long this restriction was in force or what exactly the restriction entailed. Thus, the Complaint fails to plausibly allege that Plaintiff had a liberty interest in avoiding this discipline.

Moreover, Plaintiff acknowledges that he received a hearing on the theft charge. Accordingly, even if Plaintiff did have a protected liberty interest, the Complaint fails to plausibly allege that Plaintiff received insufficient process.

Plaintiff may attempt to remedy these deficiencies in an amended complaint.

### *B. The Complaint Fails to State a Plausible Retaliation Claim*

Plaintiff appears to allege that certain Defendants pursued disciplinary charge against him out of a retaliatory motive. *Compl*. at 8 ("[Two Defendants] were both retaliating from past conflicts and issues ….").

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: (1) "a state actor took some adverse action" against the inmate; (2) the defendant took the adverse action "because of" the inmate's exercise of protected conduct; (3) the action "chilled the inmate's exercise" of protected conduct; and (4) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison or jail official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after*

protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260.

Finally, even if an inmate proves that his protected conduct was the cause of an adverse action by a jail official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate governmental interest. *See Turner*, 482 U.S. at 89. The "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

The Complaint offers nothing more than a bare accusation that Defendants retaliated against Plaintiff. This is woefully insufficient to state a plausible First Amendment claim.

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See*

*Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-

existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above.

2. If Plaintiff does not file a timely amended complaint, or if the amendment does not satisfy Rule 8, this case may be dismissed with prejudice and without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED

without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge